UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br>    Plaintiff,<br><br>           v.<br><br>The University of Phoenix, Inc., an Arizona<br>    Corporation;<br><br>and<br><br>Apollo Education Group, Inc., an Arizona<br>    Corporation,<br><br>    Defendants. | Case No. CV-19-5772-PHX-ESW<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the advertising, marketing, and selling of their educational products and services.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as

1

specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Competent and Reliable Evidence**" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by qualified persons, using procedures generally accepted in the profession to yield accurate and reliable results.

B.      "**Defendants**" means The University of Phoenix, Inc., Apollo Education Group, Inc., and their successors and assigns, individually, collectively, or in any combination.

C.      "**Covered Consumer Debt**" means debt owed to University of Phoenix by former students who first enrolled during the period starting October 1, 2012 and ending December 31, 2016 that Defendants could collect, recall, purchase, or otherwise obtain, including all unpaid interest and fees related to that debt, whether possessed by Defendants or referred, sold, assigned, or otherwise transferred to any collection agency or other party.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any educational product or service, are permanently restrained and enjoined from:

    A.    making any misrepresentation, or assisting others in making any misrepresentation, expressly or by implication, regarding:

        1.    Defendants' relationships with any companies or employers, or any benefit to students from such relationships, including:

            a)    That any of Defendants' relationships creates career or employment opportunities for Defendants' students; or

            b)    That Defendants' students receive special access to, or preference for, employment opportunities at any such companies, including job listings or announcements.

        2.    The curricula or content of Defendants' educational products or services, or any benefit to students from such curricula or content, including:

            a)    That Defendants work with companies to develop educational curricula or content;

            b)    That any educational product or service is designed to meet the needs of specific companies or industries;

    c) That any educational product or service prepares students for careers at specific companies or in specific industries; or

    d) The likelihood that students will be hired by a specific company or in a specific industry as a result of any educational product or service.

  3. The employment, hiring, or career prospects for any of Defendants' students, including:

    a) The likelihood that Defendants' students will be hired: (i) by particular companies or employers, including leading or top companies or any Fortune 1000 companies; or (ii) in any specific field, industry, or type of employment.

    b) Whether any individual was employed, hired, or obtained a job or career, as a result of Defendants' educational products or services.

  4. Any other fact material to consumers concerning any such products or services.

B. making any representation, or assisting others in making any representation, expressly or by implication, about the benefit or outcome of any such product or service, including any representation enumerated in Section I.A.1-3, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity to substantiate that the representation is true.

C. This Section I shall not prohibit Defendants from disclosing or reporting information as required by any federal, state, or local governmental laws.

## II. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of One Hundred Ninety Million Nine Hundred Sixty-Six Thousand Eight-Hundred and Six Dollars ($190,966,806) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief, including for the purposes of restitution subject to Section II.F. This judgment consists of:

1. Payment of Fifty Million Dollars ($50,000,000) to the Commission.

    a) Defendants are ordered to pay to the Commission Fifty Million Dollars ($50,000,000).

    b) Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

2. Ceased collection of a minimum of One Hundred Forty Million Nine Hundred Sixty-Six Thousand Eight-Hundred and Six Dollars ($140,966,806) in Covered Consumer Debt as follows:

    a) Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently enjoined from attempting to collect, collecting, or assigning any right to collect any Covered Consumer Debt.

Defendants shall not refer, sell, assign, or otherwise transfer any Covered Consumer Debt.

b) Within 10 business days after entry of this Order, Defendants shall cease collecting on all Covered Consumer Debt and notify any collection agency or other third party collecting Covered Consumer Debt to cease such collection efforts. Within 60 business days after entry of this Order, Defendants shall (1) recall, purchase, or otherwise obtain any Covered Consumer Debt that Defendants have referred, sold, assigned, or otherwise transferred to any collection agency or other third party, and (2) clear all Covered Consumer Debt from Defendants' financial systems.

c) For any Covered Consumer Debt that has been reported to a Consumer Reporting Agency ("CRA"), Defendants shall, within 10 business days of clearing all Covered Consumer Debt as required by subsection A.2.b request that each CRA delete the Covered Consumer Debt from the consumer's credit reporting file.

d) To the extent Defendants receive any payments for Covered Consumer Debt after September 30, 2019, Defendants shall, within 30 days of receipt or entry of this Order, refund any such payments.

e) Defendants shall, within 10 business days after entry of this Order, provide a signed declaration to the FTC attesting that they have ceased collection of Covered Consumer Debt as required by this Section III.A.2.

B.	Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

C.	The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

D.	The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

E.	Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

F.	 All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such

equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### III.  CONSUMER NOTIFICATION

IT IS FURTHER ORDERED that Defendants shall:

A.   Within 15 business days of entry of this Order, provide notification to each consumer with Covered Consumer Debt, using the notification provided as **Attachment A** to this Order.  Notification shall be given:

    1.   By electronic mail to the most recent electronic mail address known to the Defendants; and

    2.   By written notice sent to the most recent address of the consumer known to the Defendants.

B.   Provide the FTC, within 10 business days after providing consumer notice pursuant to subsection III.A., with a signed declaration identifying the name of each consumer required to be notified, including, to the extent known: (i) mailing address; (ii) email address; (iii) telephone number; (iv) the method or methods of notification; and (v) whether any electronic mail or written notice was returned undelivered.

### IV.  CONSUMER ACCESS TO DIPLOMAS OR TRANSCRIPTS

IT IS FURTHER ORDERED, that Defendants are prohibited from denying access to any diploma or transcript on the basis of any Covered Consumer Debt.

## V.     CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 30 days, as permitted under and in compliance with the Family Educational Rights and Privacy Act of 1974 (20 U.S.C. § 1232g; 34 C.F.R. Part 99).

## VI.     ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.     Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, each Corporate Defendant must deliver a copy of this Order to:   (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives having managerial responsibilities for conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury. Each Defendant must:

  1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

  2. identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

  3. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

  4. describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

  5. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

        1.      any designated point of contact; or

        2.      the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. The University of Phoenix, Inc.

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendants, in connection with advertising, marketing, promotion, offering for sale, or sale of any educational products or services, must create and retain the following records:

    A.    accounting records showing the revenues from all goods or services sold;

    B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.    records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    a copy of each unique advertisement or other marketing material.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

    A.    Within 30 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil

Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

      B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

      C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Dated this 19th day of December, 2019.

*(signature)*
Honorable Eileen S. Willett
United States Magistrate Judge

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

/s/ Thomas J. Widor                                         Date:   12/10/2019
Thomas J. Widor
Stephanie E. Cox
Adam M. Wesolowski
Federal Trade Commission
600 Pennsylvania Ave., NW
Mail Drop CC-10232
Washington, DC 20580
Telephone:     (202) 326-3039 (Widor)
               (202) 326-2908 (Cox)
               (202) 326-3020 (Wesolowski)
Facsimile:     (202) 326-3768
Email:  twidor@ftc.gov; scox@ftc.gov; awesolowski@ftc.gov

COUNSEL FOR FEDERAL TRADE COMMISSION

**FOR DEFENDANTS:**

_____     Date: 10/28/2019
Gil M. Soffer, Esq.
Katten Muchin Rosenman LLP

COUNSEL FOR UNIVERSITY OF PHOENIX, INC.

_____     Date: 10/28/2019
Gil M. Soffer, Esq.
Katten Muchin Rosenman LLP

COUNSEL FOR APOLLO EDUCATION GROUP, INC.

15

**DEFENDANTS:   UNIVERSITY OF PHOENIX, INC.**

_____   Date: 28 ⊘ 19
Daniel P. Litteral, Senior Vice President, General Counsel, and Secretary

**APOLLO EDUCATION GROUP, INC.**

_____   Date: 28 ⊘ 19
Daniel P. Litteral, Senior Vice President, General Counsel, and Secretary

# ATTACHMENT A

**[UNIVERSITY OF PHOENIX LETTERHEAD]**

**Subject Line of Notice:**   University of Phoenix Settlement

Dear [consumer's name]:

University of Phoenix and the Federal Trade Commission (FTC), the nation's consumer protection agency, have resolved a lawsuit alleging that University of Phoenix advertised deceptively through the "Let's Get to Work" ad campaign.   As part of this settlement, University of Phoenix has agreed to stop collecting the outstanding account balance you owe directly to the University.

You no longer owe any money to University of Phoenix. You don't have to do anything to get this relief. Your account balance will be cleared within 45 business days.

Within 55 business days, University of Phoenix will ask credit reporting agencies Experian and Equifax to delete this debt from your credit report.

This settlement covers only the outstanding balance you owe directly to University of Phoenix. It doesn't cover other federal or private student loans. Contact your loan servicer for more information.

The University will automatically release any holds on your account caused by this outstanding balance, and will make official transcripts available upon request.   You must pay the published transcript fee.

Whether you are a graduate or a former student, there will be no other impact to you beyond the terms of the settlement. Any degrees, credits, or credentials you earned from the University will remain unchanged.

If you have questions, please contact us at [email address] or [phone number]. For more information about the FTC settlement, visit [FTC alias URL] and/or [UOPX micro site URL].

[Include a complimentary close]
[Include a person's name]